

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Board of Insurance Commissioners
Austin, Texas

Gentlemen:

Attention: Mr. J. J. Timmins

Opinion No. O-2736
Re: Burial insurance.

Your recent request for an opinion of this Department upon the questions as are herein stated has been received.

We quote from your letter as follows:

"I am enclosing letter I received today from Rains and Talley Funeral Home, together with identification card and a certificate entitling me to a $50.00 discount on the purchase of a casket and burial service from Rains and Talley Funeral Home, Marshall or Longview.

"I direct your particular attention to questions Numbers 1, 2 and 3 on the second page of the letter. Please advise this office at your earliest convenience if, in your opinion, it would be a violation of the insurance laws of this state for this particular funeral home to do the things inquired about in the three questions enumerated."

The letter from Rains and Talley Funeral Home above referred to reads in part as follows:

"Enclosed herewith we are sending you one of our new identification cards. You will notice that while you are not a member of either Rains & Talley Burial Association or Rains-Talley Benefit Association, that we are extending to you, as a courtesy from the Rains & Talley Funeral Home, Marshall, Texas and Longview, Texas, free ambulance service to and from any hospital in Harrison or Gregg counties. This courtesy is extended to you through the courtesy of the Funeral Home and is not contingent on your being a member of any burial association or mutual aid association. This courtesy will be extended to you whenever you present this card.

"We are also sending you, as a complement of the Rains & Talley Funeral Home, Inc., a certificate entitling you to a $50.00 discount on the purchase of casket and funeral services, as stipulated in the body of this certificate. It is not necessary that you carry any policy with any burial association or life insurance company in order for you to comply with the terms of this certificate. We are simply sending it to you because we like you.

"The above paragraph described to you in the manner in which our ambulance certificates are distributed and the proposed manner in which the discount certificates may be issued. We assume that this will answer your question concerning free ambulance service in your letter of September 4th, 1940, as to identification cards issued to Floyd and Versia Russell. These cards should have been issued in the name of Rains-Talley Benefit Association, the Burial Association card being issued through error here in the office.

"If you will notice the identification cards carefully you will note that it states that we will give free ambulance service to the person (not to the policy-holder) whose name and address is listed on the reverse side. For your information, we will issue one of these identification cards to any person who applies to our office for same, regardless of whether he is a policyholder or not. We do this in order to avoid discrimination.

"For your information, we are enclosing an ambulance card issued by the Welch Funeral Home, of Longview, Texas, which is self-explanatory.

"Also, for your information, the $50.00 discount certificate issued to you is the first of such certificate which has ever been issued by our company and we are issuing same to you in order that we may obtain an opinion.

"1. If this certificate is issued to any and all people, free of any charge and not contingent on membership in any burial association or life insurance company, is any violation of law indicated?

"2. If this certificate is sold for a stipulated sum (say $1.00) and no further payments demanded, even though sold in conjunction with burial insurance or life insurance, is any violation of the law indicated?

"3. If this certificate is sold for $50.00 in one cash payment or installments thereon, is any violation of the law indicated?

"Please understand that the certificate issued to you is the only certificate that has ever been issued by this company and that none will be issued unless same can be issued without violation of any existing law. These certificates have been prepared to meet a very nasty competitive situation that we have here in East Texas, and assure you that they will be issued only as a last resort. We do not consider these certificates insurance, but the prepayment of part of the funeral bill."

Section 23 of Senate Bill 135, Acts of the 46th Legislature, reads as follows:

"Any individual, individuals, firms, co-partnerships, corporations, or associations doing the business of providing burial or funeral benefits, which under any circumstances may be payable partly or wholly in merchandise or service, not in excess of one hundred and fifty ($150.00) dollars, or the value thereof, are hereby declared to be burial companies, associations, or societies, and shall be organized under the provisions of Chapter 274, Acts of the 41st Legislature, 1929, and amendments thereto; and shall operate under and be governed by Chapter 274, Acts 41st Legislature, 1929, and amendments thereto, and this Act. It shall be unlawful for any individual, individuals, firms, co-partnerships, corporations, or associations, other than those defined above to engage in the business of providing burial or funeral benefits, which under any circumstances may be paid wholly or partly in merchandise or services."

Section 31 of Senate Bill No. 135, supra, provides that:

"If any director, officer, agent, employee, or attorney at law or attorney in fact or any association under this Act, or any other person, shall violate any of the provisions of this Act, not specifically set out in Sections 26, 27, 29 of this Act, he shall be punished by fine not exceeding five hundred ($500.00) dollars, or by imprisonment in the county jail not exceeding six (6) months, or by both such fine and imprisonment."

In answer to your first question, you are respectfully advised that it is the opinion of this Department if the above mentioned $50.00 discount certificate is issued to any and all people, free of any charge and not contingent on membership in any burial association or life insurance company, there is no violation of the law.

With reference to your second question, it is our opinion that if the above mentioned certificate is sold for a stipulated sum (say $1.00) or any other amount and no further payment demanded, when sold in conjunction with burial insurance or life insurance there would be an evasion and violation of Senate Bill No. 135, supra.

In reply to your third question, you are advised that it is our opinion that if the above mentioned certificate is sold for $50.00 in one cash payment or installments thereon and not in connection with burial insurance or life insurance, there is no violation of the law. As stated in the case of Phillips v. State, 125 S. W. (2d) 585, "freedom of liberty of contracts is guaranteed by the Constitutions of both the State and Federal governments. The Legislature has no right to prohibit and limit a man in his lawful right to contract, unless such contract or contracts are fraught with fraud, deception and the like, which if unbridled and unchecked might lead to much mischief. . . ." We do not believe the above mentioned certificate or contract bears any inherent vice upon its face, and to outlaw it would be an invasion and infringement upon a person's constitutional right of liberty of contract. If the above mentioned certificate is sold for $50.00 regardless of whether it is paid for in cash or installments is immaterial, provided the party buying the certificate actually pays $50.00 for the same and receives in return a value not exceeding $50.00, there is no contract of insurance but merely an installment or advance payment for a casket and funeral services, a right of contract which we believe is not prohibited by law.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:BBB:LM

APPROVED OCT 3, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE